## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **ERICSSON INC.,** | |
| **Ericsson,** | **C.A. No. _____** |
| **v.** | |
| **ACER INC.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## COMPLAINT

Ericsson Inc. ("Ericsson" or "Plaintiff") files this Original Complaint against Acer Inc. ("Acer" or "Defendant") seeking declaratory judgment that Ericsson and its products do not infringe any of the following patents owned by Acer: U.S. Patent No. 8,737,333; U.S. Patent No. 9,526,048; U.S. Patent No. 9,999,097; U.S. Patent No. 10,237,791; U.S. Patent No. 11,044,053; and U.S. Patent No. 11,252,641 (collectively, "Patents-at-Issue"). Ericsson also seeks declaratory judgment that Acer has breached its obligation to negotiate in good faith with Ericsson toward a license to the claims of Acer's patents allegedly essential to the 4G LTE-A and 5G standards.

## NATURE OF THE ACTION

1.      There is a concrete, justiciable dispute between Ericsson and Acer concerning alleged infringement of certain Acer patents. Specifically, Ericsson brings this action in response to Acer's claim that it holds patents with claims purportedly essential to the 4G LTE-A and 5G standards—including the Patents-at-Issue—and because Acer has sent multiple threatening communications to Ericsson's customers based on their use of Ericsson's 4G and 5G base station equipment. Acer has threatened litigation—and in fact filed litigation—against Ericsson's customers based on their use of Ericsson's base station equipment that supports the 4G LTE-A and

1

5G standards. Ericsson also commences this action due to Acer's failure to engage in good faith negotiations in violation of its contractual obligations under the ETSI IPR Policy.

2.      Acer's conduct has created a definite and concrete dispute as to (i) the non-infringement of the Patents-at-Issue; and (ii) whether Acer has breached its duty to negotiate in good faith towards a license to essential claims of its patents. Ericsson therefore seeks a declaration on each of these disputes.

3.      Ericsson understands that Acer and Nokia have been engaged in an ongoing licensing dispute concerning certain Nokia patents related to video encoding and decoding technology, which has resulted in various legal actions between Acer and Nokia. On information and belief, Acer, seemingly in relation to its dispute with Nokia, sent several threatening letters to certain wireless carriers, which are or have been customers of both Nokia and Ericsson: Verizon Communications Inc. ("Verizon"), T-Mobile USA, Inc. ("T-Mobile"), and AT&T Corp. and AT&T Mobility LLC ("AT&T") (collectively, "Ericsson's Customers"). Acer accused Ericsson's Customers of infringing Acer's 4G LTE-A and 5G patents, which include claims that are allegedly essential "for base transceiver station equipment"—that is, Ericsson's equipment. Acer's letters made clear that Acer intended to take action against Ericsson's base station equipment, creating an imminent threat of a patent infringement suit by Acer against Ericsson.

4.      Acer made good on these threats by actually filing patent infringement lawsuits against Ericsson's customer in the Eastern District of Texas alleging infringement of the Patents-at-Issue based on Ericsson's Customers' use of Ericsson's base station equipment.

## PARTIES

5.      Ericsson is a Delaware Corporation with a principal place of business at 6300 Legacy Drive, Plano, Texas 75024.

6.      On information and belief, Acer is a corporation organized under the laws of Taiwan, with a principal place of business at 1F, 88, Sec. 1, Xintai 5th Rd. Xizhi, New Taipei City 221, Taiwan.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction based on 28 U.S.C. §§ 1331, 1332, 1338(a), and 2201(a).

8.      This Court may declare the rights and other legal relations of the parties pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., because this case presents an actual controversy within the Court's jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). An actual controversy exists within the Court's jurisdiction because Acer has made allegations against 4G and 5G base station equipment that Ericsson provides to its customers.

9.      Additionally, the amount in controversy is over $75,000, and diversity jurisdiction exists because Acer is a citizen of the country of Taiwan.

10.     The Court has personal jurisdiction over Acer because Acer has purposefully directed its activities to Delaware. Acer regularly conducts business in Delaware and purposefully avails itself of the privileges of conducting business in Delaware. In particular, on information and belief, Acer makes, uses, imports, offers for sale, sells, and/or advertises its products and affiliated services in Delaware.

11.     On or around July 10, 2025, Acer sent letters to Ericsson's Customers targeting Ericsson's products sold in this District. Accordingly, this Court has personal jurisdiction over Acer because the causes of action alleged herein arise from Acer's actions directed to Delaware, including Acer's demands in connection with the Patents-at-Issue and its threats to enforce its 4G LTE-A and 5G patents against Ericsson's equipment.

12.    Acer alleged that Verizon, T-Mobile, and AT&T have infringed Acer's 4G LTE-A and 5G patents.

13.    Acer's letters alleged infringement because its 4G LTE-A and 5G patents include claims that are essential "for base transceiver station equipment"—that is, Ericsson's equipment.

14.    Ericsson is a corporation organized under the laws of the State of Delaware.

15.    Venue is proper under 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b). Acer does not reside in the United States, and thus venue is appropriate in this District under 28 U.S.C. § 1391(c)(3).

## FACTUAL BACKGROUND

### A.    Acer Sends Demand Letters to Ericsson's Customers

16.    On July 10, 2025, Ericsson's Customers received letters sent on behalf of Acer (the "Demand Letters") by a law firm, retained by Acer, to "assist with [Acer's] patent portfolio licensing program" to offer Ericsson's Customers "a license to Acer's 4G LTE-A and 5G worldwide standard essential patents for base transceiver station equipment."

17.    The Demand Letters purported to bring "attention" to several of "Acer's 4G LTE-A and 5G standard essential patent[s]" that Ericsson's Customers allegedly infringe, including U.S. Patent No. 11,252,641; U.S. Patent No. 11,044,053; U.S. Patent No. 10,237,791; U.S. Patent No. 9,999,097; and U.S. Patent No. 8,737,333 (the "Asserted Patents").

18.    Acer claimed that these Asserted Patents were examples of Ericsson's Customers' "infringement of Acer's 4G LTE-A and 5G standard essential parents for base transceiver station equipment."

19.    Acer's Demand Letters explained that Acer's theory of infringement is predicated on infringement by "base transceiver station equipment." Ericsson makes base transceiver station equipment and sells it to Ericsson's Customers.

4

20.     Ericsson's base transceiver station equipment supports the 4G LTE-A and 5G standards.

21.     Acer's Demand Letters continued that "[p]ursuant to Acer's requirements as a member of the European Telecommunications Standards Institute (ETSI), the licensing proposal will be made on a fair, reasonable and non-discriminatory (FRAND) basis."

22.     The Demand Letters set a 21-day deadline for Ericsson's Customers to send their availability for a meeting with Acer. The Demand Letters warned that "[f]ailure to respond to this letter will result in a claim of willful infringement based upon [Ericsson's Customers'] knowing and intentional infringement of Acer's rights." The Demand Letters cautioned that, absent Ericsson's Customers "obtaining a license to Acer's 4G LTE-A and 5G SEP[1] portfolio for base transceiver station equipment," "Acer will aggressively pursue all legal remedies and damages available under the law."

23.     Ericsson's Customers each provided notice of the Demand Letters to Ericsson pursuant to contractual indemnification provisions.

24.     Certain of Ericsson's Customers, including at least T-Mobile and AT&T, met with Acer on one or more occasion, and Acer demanded that these companies take licenses to Acer's patents allegedly essential to the 4G LTE-A or 5G patents.

25.     Ericsson has met with Acer on at least two occasions and was unable to resolve the present dispute prior to Acer filing lawsuits against Ericsson's Customers.

**B.      ETSI, the ETSI IPR Policy, and the FRAND Commitment**

26.     The European Telecommunications Standards Institute ("ETSI") is a standards development organization ("SDO") that promulgates globally accepted standards for the

---

[1] Standard Essential Patent.

telecommunications industry. ETSI has more than 900 members from more than 60 countries. In 1998, ETSI and other SDOs founded and became organizational partners of the Third Generation Partnership Project ("3GPP"). 3GPP created the technical specifications for 3G, 4G, and 5G.

27.    Frequently, ETSI members own patents and patent applications that include claims that may be essential to technical specifications promulgated by 3GPP. ETSI has developed an Intellectual Property Rights ("IPR") Policy regarding the licensing of intellectual property rights in those patents and patent applications. The IPR Policy is governed by the laws of France.

28.    Clause 6.1 of the ETSI IPR Policy states: "When an ESSENTIAL IPR relating to a particular STANDARD or TECHNICAL SPECIFICATION is brought to the attention of ETSI, the Director-General of ETSI shall immediately request the owner to give within three months an irrevocable undertaking in writing that it is prepared to grant irrevocable licences on fair, reasonable and non-discriminatory ('FRAND') terms and conditions under such IPR[.]"

29.    Section 15.4 of the ETSI IPR Policy defines the term "EQUIPMENT" as "any system, or device fully conforming to a STANDARD."

30.    Section 15.6 of the ETSI IPR Policy defines the term "ESSENTIAL" to mean that "it is not possible on technical (but not commercial) grounds, taking into account normal technical practice and the state of the art generally available at the time of standardization, to make, sell, lease, otherwise dispose of, repair, use or operate EQUIPMENT or METHODS which comply with a STANDARD without infringing that IPR."

31.    ETSI requests that patent holders publicly declare their licensing positions with respect to essential claims of patents and patent applications by submitting an IPR Information Statement and Licensing Declaration. A form Declaration is attached to the IPR Policy and is contractual in nature.

32.    On information and belief, Acer has submitted one or more IPR Information Statement and Licensing Declarations identifying patents that Acer views as potentially including claims that are essential to one or more of the 3G, 4G, and 5G standards. These declarations state: "the Declarant and/or its AFFILIATES are (1) prepared to grant irrevocable licenses under this/these IPR(s) on terms and conditions which are in accordance with Clause 6.1 of the ETSI IPR Policy; and (2) will comply with Clause 6.1bis of the ETSI IPR Policy."

33.    Clause 6.1bis of the ETSI IPR Policy states that "FRAND licensing undertakings made pursuant to Clause 6 shall be interpreted as encumbrances that bind all successors-in-interest," and "any Declarant who has submitted a FRAND undertaking according to the POLICY who transfers ownership of ESSENTIAL IPR that is subject to such undertaking shall include appropriate provisions in the relevant transfer documents to ensure that the undertaking is binding on the transferee and that the transferee will similarly include appropriate provisions in the event of future transfers with the goal of binding all successors-in-interest. The undertaking shall be interpreted as binding on successors-in-interest regardless of whether such provisions are included in the relevant transfer documents."

34.    Clause 6.1 of the ETSI IPR Policy further states that the FRAND undertaking "may be made subject to the condition that those who seek licenses agree to reciprocate." The reciprocity principal is a condition where the patent holder agrees to be prepared to grant licenses to its essential patent claims on FRAND terms in accordance with the IPR Policy, provided that the licensee agrees to reciprocate by being prepared to grant licenses to its own essential patent claims on FRAND terms to the patent holder in accordance with the IPR Policy. This ensures mutual exchanges of essential patent rights, fostering a balanced and cooperative environment among members of ETSI.

35.    Ericsson is a third-party beneficiary of Acer's FRAND commitments.

## II.    PATENTS-AT-ISSUE

### A.    U.S. Patent No. 8,737,333 ("the '333 Patent")

36.    Upon information and belief, Acer is the owner of the right, title, and interest in and to the '333 Patent entitled "Method of Power Reporting and Communication Device Thereof," which issued on May 27, 2014, to inventors Chun-Chia Chen and Chun-Yen Wang. A true and correct copy of the '333 Patent is attached as Exhibit 1. The '333 Patent issued from U.S. Patent Application No. 61/411,192, filed on November 8, 2010.

37.    Upon information and belief, on April 27, 2016, Acer submitted an IPR Information Statement and Licensing Declaration to ETSI that the claims of the '333 Patent are or may become essential to the 4G standard promulgated by 3GPP including at least 3GPP TS 36.321 and TS 36.101 (Release 12).

38.    In July 2025, Acer filed a lawsuit against Paccar, Inc., alleging infringement of the '333 Patent. *Acer Inc. v. Paccar, Inc.*, Case No. 2:25-cv-00740 ("Paccar Litigation"). In that case, Acer also alleged that the claims of the '333 Patent are essential to at least the 4G standard.

### B.    U.S. Patent No. 9,526,048 ("the '048 Patent")

39.    Upon information and belief, Acer is the owner of the right, title, and interest in and to the '048 Patent entitled "Method of Handling Measurement Gap Configuration and Communication Device Thereof," which issued on December 20, 2016, to inventors Shiang-Jiun Lin and Chun-Yen Wang. A true and correct copy of the '048 Patent is attached as Exhibit 2. The '048 Patent issued from U.S. Patent Application No. 61/331,202, filed on May 4, 2010.

40.    Upon information and belief, on October 22, 2025, Acer submitted an IPR Information Statement and Licensing Declaration to ETSI that the claims of the '048 Patent are or

may become essential to the 5G standard promulgated by 3GPP including at least 3GPP TS 138.300, TS 138.331, TS 138.101-3, TS 38.101-3, TS 38.300 and TS 38.331.

### C.    U.S. Patent No. 9,999,097 ("the '097 Patent")

41.    Upon information and belief, Acer is the owner of the right, title, and interest in and to the '097 Patent entitled "Method of radio bearer establishment in dual connectivity," which issued on June 12, 2018, to inventors Wei-Chen Pao and Chun-Chia Chen. A true and correct copy of the '097 Patent is attached as Exhibit 3. The '097 Patent issued from U.S. Patent Application No. 15/709,492, filed on September 20, 2017.

42.    Upon information and belief, on March 29, 2021, Acer submitted an IPR Information Statement and Licensing Declaration to ETSI that the claims of the '097 Patent are or may become essential to the 4G standard promulgated by 3GPP including at least 3GPP TS 36.300, TS 36.331, and TS 36.423.

### D.    U.S. Patent No. 10,237,791 ("the '791 Patent")

43.    Upon information and belief, Acer is the owner of the right, title, and interest in and to the '791 Patent entitled "Method of updating network detection and selection information and traffic routing information" issued on March 19, 2019, to inventors Wei-Chen Pao and Ching-Wen Cheng. A true and correct copy of the '791 Patent is attached as Exhibit 4. The '791 Patent issued from U.S. Patent Application No. 14/669,005, filed on March 26, 2015.

44.    Upon information and belief, on March 29, 2021, Acer submitted an IPR Information Statement and Licensing Declaration to ETSI that the '791 Patent contains claims are or may become essential to the 4G standard promulgated by 3GPP including at least 3GPP TS 36.331.

**E.      U.S. Patent No. 11,044,053 ("the '053 Patent")**

45.      Upon information and belief, Acer is the owner of the right, title, and interest in and to the '053 Patent entitled "Device and method of handling code block group-based communication operation" issued on June 22, 2021, to inventors Chia-Wen Hsieh and Chien-Min Lee. A true and correct copy of the '053 Patent is attached as Exhibit 5. The '053 Patent issued from U.S. Patent Application No. 16/009,224, filed on June 15, 2018.

46.      Upon information and belief, on June 29, 2023, Acer submitted an IPR Information Statement and Licensing Declaration to ETSI that the claims of the '053 Patent are or may become essential to the 5G standard promulgated by 3GPP including at least 3GPP TS 138.331, TS 138.212, TS 138.213, TS 138.214, TS 38.331, TS 38.212, TS 38.213, and TS 38.214 (Releases 15 and 16).

**F.      U.S. Patent No. 11,252,641 ("the '641 Patent")**

47.      Upon information and belief, Acer is the owner of the right, title, and interest in and to the '641 Patent entitled "Method of system information transmission and acquisition" issued on February 15, 2022, to inventors Ching-Wen Cheng and Hung-Chen Chen. A true and correct copy of the '641 Patent is attached as Exhibit 6. The '641 Patent issued from U.S. Patent Application No. 15/885,723, filed on January 31, 2018.

48.      Upon information and belief, on June 29, 2023, Acer submitted an IPR Information Statement and Licensing Declaration to ETSI that the '641 Patent includes claims that are or may become essential to the 5G standard being promulgated by 3GPP including at least 3GPP TS 138.300, TS 138.212, TS 138.213, TS 138.331, TS 38.212, TS 38.213, TS 38.300, and TS 38.331 (Release 15).

## COUNT I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '333 PATENT

49.     Ericsson repeats and realleges each and every allegation contained in paragraphs 1-48 above as if fully set forth herein.

50.     On information and belief, Acer contends that the claims of the '333 Patent are essential to the 4G LTE-A standard.

51.     On information and belief, Acer contends that the claims of the '333 Patent are essential to the 5G standard.

52.     Ericsson makes and sells base station equipment which supports the 4G LTE-A and 5G standards.

53.     On information and belief, Acer believes Ericsson's 4G LTE-A and 5G-supporting base station equipment is covered by the '333 Patent.

54.     On information and belief, Ericsson and its base station equipment do not infringe any claim of the '333 Patent because this equipment does not satisfy at least one properly construed claim limitation of any claim of the '333 Patent. For example, Ericsson and its base station equipment are not configured or configurable to "determin[e] whether to start a maximum output power reporting for the at least a uplink component carrier in the mobile device according to a characteristic associated to the mobile device or the network" or "when the maximum output power reporting is started, [to] determin[e] whether to stop a maximum output power reporting for the at least a uplink component carrier in the mobile device according to a characteristic associated to the mobile device or the network" as required by claims 17 and 21.

55.     On information and belief, discovery in this case will demonstrate that Ericsson's base station equipment does not satisfy multiple other claim limitations required by claims of the '333 Patent that Acer contends are essential to the 4G LTE-A and/or 5G standards.

56.     There is an actual, substantial and immediate controversy between Ericsson and Acer to warrant the issuance of a declaratory judgment.

57.     The interests of the parties will be best served if this Court enters a Declaratory Judgment setting forth the rights of the parties with respect to this dispute.

58.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, this Court may declare the rights and other legal relations of any interested party.

59.     Ericsson is entitled to a Judicial Declaration and Order that Ericsson has not infringed and does not infringe, either directly or indirectly, literally or under the doctrine of equivalents, any claim of the '333 Patent.

60.     The relief sought by Ericsson will resolve the controversy relative to Acer's Patents-at-Issue as to the respective interests of Ericsson and Acer.

## COUNT II: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '048 PATENT

61.     Ericsson repeats and realleges each and every allegation contained in paragraphs 1-60 above as if fully set forth herein.

62.     On information and belief, Acer contends that the claims of the '048 Patent are essential to the 5G standard.

63.     Ericsson makes and sells base station equipment which supports the 5G standard.

64.     On information and belief, Acer believes Ericsson's 4G LTE and 5G-supporting base station equipment is covered by the '048 Patent.

65.     On information and belief, Ericsson and its base station equipment do not infringe any claim of the '048 Patent because this equipment does not satisfy at least one properly construed claim limitation of any claim of the '048 Patent. For example, Ericsson and its base station equipment do not practice and are not capable of practicing at least the step of "configuring one

measurement gap configuration to the mobile device with a first gap offset for at least a first component carrier of the plurality of component carriers and with a second gap offset for at least a second component carrier of the plurality of component carriers, wherein each of the first and second gap offsets indicates a value for shifting a measurement gap in one of the at least a first and second component carriers of the plurality of component carriers" recited in claim 1.

66.    On information and belief, discovery in this case will demonstrate that Ericsson's base station equipment does not satisfy multiple other claim limitations required by claims of the '048 Patent that Acer contends are essential to the 4G LTE-A and/or 5G standards.

67.    There is an actual, substantial and immediate controversy between Ericsson and Acer to warrant the issuance of a declaratory judgment.

68.    The interests of the parties will be best served if this Court enters a Declaratory Judgment setting forth the rights of the parties with respect to this dispute.

69.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, this Court may declare the rights and other legal relations of any interested party.

70.    Ericsson is entitled to a Judicial Declaration and Order that Ericsson has not infringed and does not infringe, either directly or indirectly, literally or under the doctrine of equivalents, any claim of the '048 Patent.

71.    The relief sought by Ericsson will resolve the controversy relative to Acer's Patents-at-Issue as to the respective interests of Ericsson and Acer.

## COUNT III: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '097 PATENT

72.    Ericsson repeats and realleges each and every allegation contained in paragraphs 1-71 above as if fully set forth herein.

73.    On information and belief, Acer contends that the claims of the '097 Patent are essential to the 4G LTE-A standard.

74.    On information and belief, Acer contends that the claims of the '097 Patent are essential to the 5G standard.

75.    Ericsson makes and sells base station equipment which supports the 4G LTE-A and 5G standards.

76.    On information and belief, Acer believes Ericsson's 4G LTE-A and 5G-supporting base station equipment is covered by the '097 Patent.

77.    On information and belief, Ericsson and its base station equipment do not infringe any claim of the '097 Patent because this equipment does not satisfy at least one properly construed claim limitation of any claim of the '097 Patent. For example, Ericsson and its base station equipment do not practice and are not capable of practicing the step of "receiving a response message including information about accepting or rejecting establishment or release for the at least a radio bearer on the at least a second base station, from the at least a second base station, wherein the response message includes information of at least one of identities of radio bearers to be accepted or rejected to be established or released, release acknowledgement, information related to configuration of radio bearers on the at least a second base station, and information related to connection setup to the at least a second base station" as required by claims 1 and 8.

78.    On information and belief, discovery in this case will demonstrate that Ericsson's base station equipment does not satisfy multiple other claim limitations required by claims of the '097 Patent that Acer contends are essential to the 4G LTE-A and/or 5G standards.

79.    There is an actual, substantial and immediate controversy between Ericsson and Acer to warrant the issuance of a declaratory judgment.

80.    The interests of the parties will be best served if this Court enters a Declaratory Judgment setting forth the rights of the parties with respect to this dispute.

81.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, this Court may declare the rights and other legal relations of any interested party.

82.    Ericsson is entitled to a Judicial Declaration and Order that Ericsson has not infringed and does not infringe, either directly or indirectly, literally or under the doctrine of equivalents, any claim of the '097 Patent.

83.    The relief sought by Ericsson will resolve the controversy relative to Acer's Patents-at-Issue as to the respective interests of Ericsson and Acer.

## COUNT IV: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '791 PATENT

84.    Ericsson repeats and realleges each and every allegation contained in paragraphs 1-83 above as if fully set forth herein.

85.    On information and belief, Acer contends that the claims of the '791 Patent are essential to the 4G LTE-A standard.

86.    On information and belief, Acer contends that the claims of the '791 Patent are essential to the 5G standard.

87.    Ericsson makes and sells base station equipment which supports the 4G LTE-A and 5G standards.

88.    On information and belief, Acer believes Ericsson's 4G LTE-A and 5G-supporting base station equipment is covered by the '791 Patent.

89.    On information and belief, Ericsson and its base station equipment do not infringe any claim of the '791 Patent because this equipment does not satisfy at least one properly construed claim limitation of any claim of the '791 Patent. For example, Ericsson and its base station

equipment do not practice and are not capable of practicing the steps of "transmitting a service region change accept message including the network detection and selection information and traffic routing information of the area update procedure, to the communication device, wherein the service region change accept message includes parameters of RAN assistance information/RAN rules" as required by claim 8 or "transmitting a connection reconfiguration message including the network detection and selection information and traffic routing information of the attach procedure, to the communication device, wherein the connection reconfiguration message includes parameters of RAN assistance information/RAN rules" as required by claim 14.

90.    On information and belief, discovery in this case will demonstrate that Ericsson's base station equipment does not satisfy multiple other claim limitations required by claims of the '791 Patent that Acer contends are essential to the 4G LTE-A and/or 5G standards.

91.    There is an actual, substantial and immediate controversy between Ericsson and Acer to warrant the issuance of a declaratory judgment.

92.    The interests of the parties will be best served if this Court enters a Declaratory Judgment setting forth the rights of the parties with respect to this dispute.

93.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, this Court may declare the rights and other legal relations of any interested party.

94.    Ericsson is entitled to a Judicial Declaration and Order that Ericsson has not infringed and does not infringe, either directly or indirectly, literally or under the doctrine of equivalents, any claim of the '791 Patent.

95.    The relief sought by Ericsson will resolve the controversy relative to Acer's Patents-at-Issue as to the respective interests of Ericsson and Acer.

## COUNT V: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '053 PATENT

96.     Ericsson repeats and realleges each and every allegation contained in paragraphs 1-95 above as if fully set forth herein.

97.     On information and belief, Acer contends that the claims of the '053 Patent are essential to the 4G LTE-A standard.

98.     On information and belief, Acer contends that the claims of the '053 Patent are essential to the 5G standard.

99.     Ericsson makes and sells base station equipment which supports the 4G LTE-A and 5G standards.

100.    On information and belief, Acer believes Ericsson's 4G LTE-A and 5G-supporting base station equipment is covered by the '053 Patent.

101.    On information and belief, Ericsson and its base station equipment do not infringe any claim of the '053 Patent because this equipment does not satisfy at least one properly construed claim limitation of any claim of the '053 Patent.  For example, Ericsson and Ericsson equipment are not configured or configurable to "transmit[] the CBG field with the size of the CBG field in a first DL control information (DCI) to the communication device, after obtaining the size of the CBG field, wherein the CBG field indicates at least one transmitted CBG" or "perform[] the at least one CBG-based communication operation with the communication device according to the maximum limit number of CBGs and the CBG field" as recited in claim 22.

102.    On information and belief, discovery in this case will demonstrate that Ericsson's base station equipment does not satisfy multiple other claim limitations required by claims of the '053 Patent that Acer contends are essential to the 4G LTE-A and/or 5G standards.

103.    There is an actual, substantial and immediate controversy between Ericsson and Acer to warrant the issuance of a declaratory judgment.

104.    The interests of the parties will be best served if this Court enters a Declaratory Judgment setting forth the rights of the parties with respect to this dispute.

105.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, this Court may declare the rights and other legal relations of any interested party.

106.    Ericsson is entitled to a Judicial Declaration and Order that Ericsson has not infringed and does not infringe, either directly or indirectly, literally or under the doctrine of equivalents, any claim of the '053 Patent.

107.    The relief sought by Ericsson will resolve the controversy relative to Acer's Patents-at-Issue as to the respective interests of Ericsson and Acer.

## COUNT VI: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '641 PATENT

108.    Ericsson repeats and realleges each and every allegation contained in paragraphs 1-107 above as if fully set forth herein.

109.    On information and belief, Acer contends that the claims of the '641 Patent are essential to the 4G LTE-A standard.

110.    On information and belief, Acer contends that the claims of the '641 Patent are essential to the 5G standard.

111.    Ericsson makes and sells base station equipment which supports the 4G LTE-A and 5G standards.

112.    On information and belief, Acer believes Ericsson's 4G LTE-A and 5G-supporting base station equipment is covered by the '641 Patent.

18

113.    On information and belief, Ericsson and its base station equipment do not infringe any claim of the '641 Patent because this equipment does not satisfy at least one properly construed claim limitation of any claim of the '641 Patent. For example, Ericsson and its base station equipment do not practice and are not capable of practicing at least the step of "broadcasting the non-essential minimum SI with dynamically scheduled on a downlink shared channel according to the availability information, such that a mobile device in the wireless communication system is able to obtain the non-essential minimum SI with dynamic scheduled on the downlink shared channel according to the first scheduling information of the essential minimum SI, to determine whether the cell broadcasts remaining parts of the non-essential minimum SI according to a second scheduling information included in the obtained non-essential minimum SI, and to obtain the remaining parts of the non-essential minimum SI according to the second scheduling information" recited in claim 1.

114.    On information and belief, discovery in this case will demonstrate that Ericsson's base station equipment does not satisfy multiple other claim limitations required by claims of the '641 Patent that Acer contends are essential to the 4G LTE-A and/or 5G standards.

115.    There is an actual, substantial and immediate controversy between Ericsson and Acer to warrant the issuance of a declaratory judgment.

116.    The interests of the parties will be best served if this Court enters a Declaratory Judgment setting forth the rights of the parties with respect to this dispute.

117.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, this Court may declare the rights and other legal relations of any interested party.

118.    Ericsson is entitled to a Judicial Declaration and Order that Ericsson has not infringed and does not infringe, either directly or indirectly, literally or under the doctrine of equivalents, any claim of the '641 Patent.

119.    The relief sought by Ericsson will resolve the controversy relative to Acer's Patents-at-Issue as to the respective interests of Ericsson and Acer.

## COUNT VII: DECLARATORY JUDGMENT THAT ACER HAS BREACHED ITS OBLIGATION TO NEGOTIATE IN GOOD FAITH

120.    Ericsson repeats and realleges each and every allegation contained in paragraphs 1-119 above as if fully set forth herein.

121.    A case or controversy exists between Acer and Ericsson concerning whether Acer has breached its obligation to negotiate in good faith with Ericsson, for the reasons described above. There is a case or controversy of sufficient immediacy, reality, and ripeness to warrant the issuance of a declaratory judgment.

122.    Ericsson, as a manufacturer of equipment that supports the 4G LTE-A and 5G standards, is entitled to a license to any patents that are essential to the 4G LTE-A or 5G standards.

123.    Acer has a contractual obligation to negotiate in good faith with Ericsson for a license to any patents that Acer contends are essential to the 4G LTE-A or 5G standards, including the Patents-in-Issue.

124.    Acer has failed to negotiate with Ericsson in good faith for a license to Acer's patents with claims allegedly essential to the 4G LTE-A or 5G standards. Rather than meaningfully engage in negotiations with Ericsson, Acer sent Demand Letters to Ericsson's Customers, claiming that the Asserted Patents were examples of infringement of "Acer's 4G LTE-A and 5G standard essential patents for base transceiver station equipment." The Demand Letters set a 21-day deadline for a response. The Demand Letters warned that "[f]ailure to respond to this letter will

result in a claim of willful infringement based upon [their] knowing and intentional infringement of Acer's rights." The Demand Letters cautioned that, absent a license, "Acer will aggressively pursue all legal remedies and damages available under the law."

125.    Acer's Demand Letters assert that Acer's theory of infringement is predicated on products that Ericsson sells to Verizon, T-Mobile, and AT&T. On information and belief, Acer seeks royalties from Ericsson's customers based on their use of Ericsson base station equipment that supports the 4G LTE-A and 5G standards.

126.    French law governs the ETSI FRAND commitment, and under French law, Acer is obligated to negotiate in good faith. Acer breached this obligation.

127.    As a result of Acer's breach, Ericsson has been injured in its business or property, including Ericsson's costs and expenses in pursuing futile discussions with Acer, as well as attorneys' fees incurred by Ericsson, in an amount to be determined at trial. Ericsson is thus entitled to damages and/or equitable relief for Acer's failure to negotiate in good faith.

128.    There is an actual, substantial, and immediate controversy between Ericsson and Acer warranting the issuance of a declaratory judgment.

129.    The interests of the parties will be best served if this Court enters a Declaratory Judgment setting forth the rights of the parties with respect to this dispute.

130.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, this Court may declare the rights and other legal relations of any interested party.

131.    Ericsson is entitled to a Judicial Declaration and Order that Acer has breached its duty and failed to negotiate in good faith.

## ATTORNEYS' FEES

132.    Ericsson is entitled to recover reasonable and necessary attorneys' fees under applicable law.

## DEMAND FOR JURY TRIAL

133.    Ericsson hereby demands a jury trial for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Ericsson respectfully requests that this Court enter judgment in its favor as follows and afford Ericsson the following relief:

I.    declare that Ericsson has not infringed and does not infringe any claim of the '333 Patent;

II.    declare that Ericsson has not infringed and does not infringe any claim of the '048 Patent;

III.    declare that Ericsson has not infringed and does not infringe any claim of the '097 Patent;

IV.    declare that Ericsson has not infringed and does not infringe any claim of the '791 Patent;

V.    declare that Ericsson has not infringed and does not infringe any claim of the '053 Patent;

VI.    declare that Ericsson has not infringed and does not infringe any claim of the '641 Patent;

VII.    declare that Acer has breached its duty to negotiate with Ericsson in good faith;

VIII.    award damages or equitable relief to Ericsson for Acer's failure to negotiate in good faith;

IX.    award attorneys' fees to Ericsson pursuant to 35 U.S.C. § 285 or as otherwise

permitted by law;

X.    make an award of such other and further relief as this Court may deem just,

equitable, and proper.


Of Counsel:                                    */s/ Kelly E. Farnan*

Nicholas Mathews                               Kelly E. Farnan (#4395)
Erik Fountain                                  Richards, Layton & Finger, P.A.
McKool Smith P.C.                              One Rodney Square
300 Crescent Court, Suite 1500                 920 North King Street
Dallas, Texas 75201                            Wilmington, DE 19801
Telephone: (214) 978-4000                      302-651-7700
Facsimile: (214) 978-4044                      farnan@rlf.com
nmathews@mckoolsmith.com
efountain@mckoolsmith.com
                                               **Attorneys for Ericsson Inc.**


Dated:  February 17, 2026

23