IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ERICSSON INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 26-176-MN |
| | ) | |
| ACER INC., | ) | **JURY TRIAL DEMAND** |
| | ) | |
| Defendant. | ) | |

<u>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS**</u>

Defendant Acer Inc. answers the Complaint of Plaintiff Ericsson Inc. ("Ericsson" or "Plaintiff") and asserts counterclaims as follows:

Except for the identification of the "Patents-at-Issue," Acer denies the allegations set forth in the introductory paragraph under the heading "Complaint."

**NATURE OF THE ACTION**

1. Acer admits that it claims that it holds patents with claims essential to the 4G LTE-A and 5G standards—including the Patents-at-Issue. Acer also admits that it has sent multiple communications to Ericsson's customers and has filed litigation against Ericsson's customers. Unless otherwise admitted, Acer denies the allegations set forth in Paragraph 1.

2. Denied.

3. Acer admits that it sent letters to AT&T, T-Mobile and Verizon offering to negotiate a license to its 4G and 5G Standard Essential Patent Portfolio on FRAND terms. Unless otherwise admitted, Acer denies the allegations set forth in Paragraph 3.

4. Acer admits that it filed patent infringement lawsuits in the Eastern District of Texas alleging infringement of the Patents-at-Issue. Unless otherwise admitted, Acer denies the

1

allegations set forth in Paragraph 4.

## PARTIES

5. Acer is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5, and on that basis denies them.

6. Admitted.

## JURISDICTION AND VENUE

7. Acer admits that this complaint purports to arise under the Patent Laws of the United States, Title 35 of the United States Code. Unless expressly admitted, Acer denies the allegations set forth in Paragraph 7.

8. Denied.

9. Admitted.

10. Acer admits that certain Acer-branded products may be sold in the United States, including in the state of Delaware. Unless otherwise admitted, Acer denies the allegations set forth in Paragraph 10.

11. Acer admits that in July 2025, it sent letters to AT&T, T-Mobile and Verizon offering to negotiate a license to its 4G and 5G Standard Essential Patent Portfolio on FRAND terms. Unless otherwise admitted, Acer denies the allegations set forth in Paragraph 11.

12. Acer admits that it has alleged that AT&T, T-Mobile and Verizon have infringed certain claims of its 4G LTE-A and 5G patents. Unless otherwise admitted, Acer denies the allegations set forth in Paragraph 12.

13. Acer admits that it has alleged that AT&T, T-Mobile and Verizon have infringed certain claims of its 4G LTE-A and 5G patents. Unless otherwise admitted, Acer denies the allegations set forth in Paragraph 13.

14.     Acer is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14, and on that basis denies them.

15.     Acer admits that it does not reside in the United States.  Unless otherwise admitted, Acer denies the allegations set forth in Paragraph 15.

## FACTUAL BACKGROUND

**A.     Acer denies the allegations of subheading I.A.**

16.     Acer admits that on July 10, 2025, it sent letters to AT&T, T-Mobile and Verizon to "assist with [Acer's] patent portfolio licensing program," and to offer AT&T, T-Mobile and Verizon "a license to Acer's 4G LTE-A and 5G worldwide standard essential patents for base transceiver station equipment." Unless otherwise admitted, Acer denies the remaining allegations of Paragraph 16, including the specific characterization of Acer's letters as "threat" letters.

17.     Acer admits that its July 10, 2025 letters to AT&T, T-Mobile and Verizon brought attention to "Acer's 4G LTE-A and 5G standard essential patent[s]," including the '641, '053, '791, '097 and '333 Patents (the "Asserted Patents"). Unless otherwise admitted, Acer denies the remaining allegations of Paragraph 17, including the specific characterization of Acer's letters as "demand" letters.

18.     Acer admits that it informed AT&T, T-Mobile and Verizon that the '641, '053, '791, '097 and '333 Patents "and applicable standard references are examples of [their] infringement of Acer's 4G LTE-A and 5G standard essential patents for base transceiver station equipment."  Unless otherwise admitted, Acer denies the remaining allegations of Paragraph 18, including the specific characterization of Acer's letters as "demand" letters.

19.     Acer admits that it informed AT&T, T-Mobile and Verizon that their base transceiver station equipment infringes Acer's '641, '053, '791, '097 and '333 Patents.  On

3

information and belief, Acer admits that Ericsson makes base transceiver station equipment and sells it to AT&T, T-Mobile and Verizon.  Unless otherwise admitted, Acer denies the remaining allegations of Paragraph 19, including the specific characterization of Acer's letters as "demand" letters.

20.     On information and belief, Ericsson base transceiver station equipment supports the 4G LTE-A and 5G standards.

21.     Acer admits that it informed AT&T, T-Mobile and Verizon that "[p]ursuant to Acer's requirements as a member of the European Telecommunications Standards Institute (ETSI), [Acer's] licensing proposal will be made on a fair, reasonable and non-discriminatory (FRAND) basis."  Unless otherwise admitted, Acer denies the remaining allegations of Paragraph 21, including the specific characterization of Acer's letters as "demand" letters.

22.     Acer admits that its July 10, 2025 letters to AT&T, T-Mobile and Verizon offered to negotiate a license to Acer's 4G LTE-A and 5G standard essential patents on FRAND terms, and that the letters requested a response within 21 days.  Unless otherwise admitted, Acer denies the allegations of Paragraph 22, including the specific characterization of Acer's letters as "demand" letters.

23.     Acer is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23, and on that basis denies them.

24.     Acer admits that it participated in at least one meeting with AT&T, T-Mobile or Verizon.  Unless otherwise admitted, Acer denies the allegations of Paragraph 24.

25.     Admitted.

**B.      ETSI, the ETSI IPR Policy, and the FRAND Commitment.**

26.     Acer admits that ETSI is a standards organization that purports to have more than

900 members from more than 60 countries. Acer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 26, and on that basis denies them.

27.    Acer admits that ETSI has an IPR Policy regarding intellectual property rights that is governed by the laws of France. Acer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 27, and on that basis denies them.

28.    Admitted.

29.    Admitted.

30.    Admitted.

31.    Acer admits that ETSI has an IPR Statement and Licensing Declaration attached to the IPR Policy. Except as otherwise admitted, Acer denies the allegations set forth in Paragraph 31.

32.    Acer admits that it has submitted one or more IPR Information Statement and Licensing Declarations identifying patents that Acer views as potentially including claims that are essential to one or more of the 3G, 4G, and 5G standards.  Except as otherwise admitted, Acer denies the allegations set forth in Paragraph 32.

33.    Admitted.

34.    Acer admits that Clause 6.1 of the ETSI IPR Policy further states that the FRAND undertaking "may be made subject to the condition that those who seek licenses agree to reciprocate." Except as otherwise admitted, Acer denies the allegations set forth in Paragraph 34.

35.    Denied.

## PATENTS-AT-ISSUE

5

**A.**   **U.S. Patent No. 8,737,333 ("the '333 Patent")**

36.   Admitted.

37.   Admitted.

38.   Admitted.

**B.**   **U.S. Patent No. 9,526,048 ("the '048 Patent")**

39.   Admitted.

40.   Admitted.

**C.**   **U.S. Patent No. 9,999,097 ("the '097 Patent")**

41.   Admitted.

42.   Admitted.

**D.**   **U.S. Patent No. 10,237,791 ("the '791 Patent")**

43.   Admitted.

44.   Admitted.

**E.**   **U.S. Patent No. 11,044,053 ("the '053 Patent")**

45.   Admitted.

46.   Admitted.

**F.**   **U.S. Patent No. 11,252,641 ("the '641 Patent")**

47.   Admitted.

48.   Admitted.

## COUNT I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '333 PATENT

49.   Acer repeats and realleges each and every allegation contained in paragraphs 1-48 above as if fully set forth herein.

50.   Acer admits that at least some of the claims of the '333 Patent are essential to the

4G LTE-A standard.

51.    Denied.

52.    On information and belief, Acer admits the allegations of Paragraph 52.

53.    Acer admits that at least some of Ericsson's 4G LTE-A base station equipment is covered by the '333 Patent. Except as otherwise admitted, Acer denies the allegations set forth in Paragraph 53.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Denied.

60.    Denied.

## COUNT II: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '048 PATENT

61.    Acer repeats and realleges each and every allegation contained in paragraphs 1-60 above as if fully set forth herein.

62.    Acer admits that at least some of the claims of the '048 Patent are essential to the 5G standard.

63.    On information and belief, Acer admits the allegations of Paragraph 63.

64.    Acer admits that at least some of Ericsson's 5G supporting base station equipment is covered by the '048 Patent. Except as otherwise admitted, Acer denies the allegations set forth in Paragraph 64.

65.    Denied.

7

66.    Denied.

67.    Denied.

68.    Denied.

69.    Denied.

70.    Denied.

71.    Denied.

## COUNT III: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '097 PATENT

72.    Acer repeats and realleges each and every allegation contained in paragraphs 1-71 above as if fully set forth herein.

73.    Acer admits that at least some of the claims of the '097 Patent are essential to the 4G LTE-A standard.

74.    Denied.

75.    On information and belief, Acer admits the allegations of Paragraph 75.

76.    Acer admits that at least some of Ericsson's 4G LTE-A supporting base station equipment is covered by the '097 Patent. Except as otherwise admitted, Acer denies the allegations set forth in Paragraph 76.

77.    Denied.

78.    Denied.

79.    Denied.

80.    Denied.

81.    Denied.

82.    Denied.

83.    Denied.

## COUNT IV: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '791 PATENT

84.     Acer repeats and realleges each and every allegation contained in paragraphs 1-83 above as if fully set forth herein.

85.     Acer admits that at least some of the claims of the '791 Patent are essential to the 4G LTE-A standard.

86.     Denied.

87.     On information and belief, Acer admits the allegations of Paragraph 87.

88.     Acer admits that at least some of Ericsson's 4G LTE-A supporting base station equipment is covered by the '791 Patent. Except as otherwise admitted, Acer denies the allegations set forth in Paragraph 88.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

## COUNT V: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '053 PATENT

96.     Acer repeats and realleges each and every allegation contained in paragraphs 1-95 above as if fully set forth herein.

97.     Denied.

98.     Acer admits that at least some of the claims of the '053 Patent are essential to the 5G standard.

9

99.     On information and belief, Acer admits the allegations of Paragraph 99.

100.     Acer admits that at least some of Ericsson's 5G supporting base station equipment is covered by the '053 Patent. Except as otherwise admitted, Acer denies the allegations set forth in Paragraph 100.

101.     Denied.

102.     Denied.

103.     Denied.

104.     Denied.

105.     Denied.

106.     Denied.

107.     Denied.

## COUNT VI: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '641 PATENT

108.     Acer repeats and realleges each and every allegation contained in paragraphs 1-107 above as if fully set forth herein.

109.     Denied.

110.     Acer admits that at least some of the claims of the '641 Patent are essential to the 5G standard.

111.     On information and belief, Acer admits the allegations of Paragraph 111.

112.     Acer admits that at least some of Ericsson's 5G supporting base station equipment is covered by the '641 Patent. Except as otherwise admitted, Acer denies the allegations set forth in Paragraph 112.

113.     Denied.

114.     Denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied.

## COUNT VII: DECLARATORY JUDGMENT THAT ACER HAS BREACHED ITS OBLIGATION TO NEGOTIATE IN GOOD FAITH

120.    Acer repeats and realleges each and every allegation contained in paragraphs 1-119 above as if fully set forth herein.

121.    Denied.

122.    Acer admits that a manufacturer of equipment compliant with 4G LTE-A and 5G standards may be entitled to a license to patents that are declared essential to the 4G LTE-A or 5G standards respectively, based on terms that are reasonable and non-discriminatory. Except as otherwise admitted, Acer denies the allegations set forth in Paragraph 122.

123.    Acer admits that it has an obligation to offer, and negotiate in good faith towards a license on fair, reasonable, and non-discriminatory terms, for any patents it has declared essential to the 4G LTE-A or 5G standards, including the Patents-at-Issue. Except as otherwise admitted, Acer denies the allegations set forth in Paragraph 123.

124.    Acer admits to the extent any document cited in Paragraph 124 speaks for itself. Except as otherwise admitted, Acer denies the allegations set forth in Paragraph 124.

125.    Acer admits to the extent any document cited in Paragraph 125 speaks for itself. Except as otherwise admitted, Acer denies the allegations set forth in Paragraph 125.

126.    Acer admits that certain aspects of ETSI policies and obligations may be subject to French law. Except as otherwise admitted, Acer denies the allegations set forth in Paragraph 126.

127.    Denied.

128.    Denied.

129.    Denied.

130.    Denied.

131.    Denied.

## ATTORNEY FEES

132.    Denied.

## ERICSSON'S DEMAND FOR JURY TRIAL

133.    Acer admits that Ericsson has demanded a jury trial for all issues so triable.

## ACER'S RESPONSE TO ERICSSON'S PRAYER FOR RELIEF

134.    Acer denies that Ericsson is entitled to any of the relief outlined in its Prayer for Relief, including subparts I-X.

## AFFIRMATIVE DEFENSES

135.    Acer incorporates by reference as if fully set forth herein its responses to Paragraphs 1 through 134 of Plaintiff Ericsson's Original Complaint. Without admitting or acknowledging that it bears the burden of proof except as imposed by law and without reducing or removing Plaintiff's burden of proof on its affirmative claims, Acer alleges and asserts the following defenses in response to Plaintiff's Complaint. Acer reserves the right to amend this answer with additional defenses as further information is obtained.

## FIRST DEFENSE:
## Failure to State a Claim

136.    Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND DEFENSE:
## FRAND Compliance

12

137.    Acer is FRAND compliant. Acer has not breached its FRAND obligations.

### THIRD DEFENSE:
### Equitable Defenses

138.    On information and belief, Plaintiff's claims are barred, in whole or in part, under the equitable doctrines of waiver, estoppel, and unclean hands.

### RESERVATION OF ADDITIONAL DEFENSES

139.    Acer's investigation of its defenses is continuing, and Acer expressly reserves the right to allege and assert any additional defenses under Rule 8 of the Federal Rules of Civil Procedure, the patent laws of the United States and any other defense, at law or in equity, that may now exist or in the future be available based upon discovery and further investigation in this case.

**COUNTERCLAIMS**

**COUNTERCLAIM I**
**Infringement of the '333 Patent**

140.    Acer repeats and realleges each and every allegation contained in paragraphs 1-139 above as if fully set forth herein.

141.    At least certain claims of Acer's '333 Patent are essential to the 4G LTE-A standard.

142.    On information and belief, Ericsson designs, manufactures, and sells base station equipment that supports the 4G LTE-A and 5G standards. Ericsson base station equipment includes, but is not limited to, product models such as RBS 6000 Series, Baseband 6600 Series, Remote Radio Unit (RRU), Antenna Integrated Radio (AIR), Streetmacro, Micro Radio, and Radio Dot System (RDS). On information and belief, the Accused Products are Ericsson base station equipment that supports the 4G LTE-A and 5G standards. On information and belief, Ericsson sells its base station equipment to its customers in the United States (e.g., AT&T, T-Mobile, and Verizon) so that they can operate 4G LTE-A and 5G wireless networks.

143.    On information and belief, Ericsson has infringed and continues to infringe, literally and/or under the doctrine of equivalents, certain claims of the '333 Patent by making, using, selling, importing and/or offering to sell its base station equipment in the United States without a license, in violation of 35 U.S.C. § 271(a).

144.    On information and belief, Ericsson has induced and continues to induce infringement of certain claims of the '333 Patent in violation of 35 U.S.C. § 271(b). Ericsson has actively, knowingly, and intentionally induced infringement of the '333 Patent by selling, offering to sell, and/or importing into the United States its base station equipment after Acer notified Ericsson of the infringement. Ericsson performed these acts with the knowledge and specific intent

14

that third parties, including Ericsson's customers or downstream consumers, would continue to use, sell, offer for sale, or import the accused devices supplied by Ericsson to infringe the '333 Patent. For example, Ericsson has provided support, marketing materials, owner's manuals and/or other materials that encourage the use of Ericsson's base station equipment in a way that infringes one or more claims of the '333 Patent. Ericsson has had actual knowledge of infringement by its customers and/or downstream consumers since no later than July 2025.

145.    On information and belief, Ericsson has contributed to and continues to contribute to the infringement of certain claims of the '333 Patent in violation of 35 U.S.C. § 271(c). Ericsson has, after being notified of the infringement by Acer, actively, knowingly, and intentionally contributed to infringement of the '333 Patent by selling, offering to sell and/or importing into the United States base station equipment that is used to practice the '333 Patent. Ericsson's base station equipment has no substantial non-infringing uses, and Ericsson knows that the equipment is especially made or especially adapted for use in a manner that infringes the '333 Patent. Ericsson has both knowledge and the specific intent that its customers and downstream consumers use Ericsson's base station equipment in a manner that directly infringes the '333 Patent. Ericsson has had actual knowledge of infringement by its customers and/or downstream consumers since no later than July 2025.

146.    The Accused Products, Ericsson's base station equipment, infringe at least claim 17 of the '333 Patent by supporting relevant standards used for wireless transmission. Exhibit A is a claim chart, hereby incorporated by reference, showing how the Ericsson base station equipment practices exemplary portions of the relevant standards and meets each and every limitation of at least claim 17 of the '333 Patent.

147.    Ericsson's infringement of the '333 Patent has been willful, entitling Acer to

15

enhanced damages and attorney fees under 35 U.S.C. §§ 284 and 285.

## COUNTERCLAIM II
### Infringement of the '048 Patent

148. Acer repeats and realleges each and every allegation contained in paragraphs 1-147 above as if fully set forth herein.

149. At least certain claims of Acer's '048 Patent are essential to the 5G standard.

150. On information and belief, Ericsson designs, manufactures, and sells base station equipment that supports the 4G LTE-A and 5G standards. Ericsson base station equipment includes, but is not limited to, product models such as RBS 6000 Series, Baseband 6600 Series, Remote Radio Unit (RRU), Antenna Integrated Radio (AIR), Streetmacro, Micro Radio, and Radio Dot System (RDS). On information and belief, the Accused Products are Ericsson base station equipment that supports the 4G LTE-A and 5G standards. On information and belief, Ericsson sells its base station equipment to its customers in the United States (e.g., AT&T, T-Mobile, and Verizon) so that they can operate 4G LTE-A and 5G wireless networks.

151. On information and belief, Ericsson has infringed and continues to infringe, literally and/or under the doctrine of equivalents, certain claims of the '048 Patent by making, using, selling, importing and/or offering to sell its base station equipment in the United States without a license, in violation of 35 U.S.C. § 271(a).

152. On information and belief, Ericsson has induced and continues to induce infringement of certain claims of the '048 Patent in violation of 35 U.S.C. § 271(b). Ericsson has actively, knowingly, and intentionally induced infringement of the '048 Patent by selling, offering to sell, and/or importing into the United States its base station equipment after Acer notified Ericsson of the infringement. Ericsson performed these acts with the knowledge and specific intent that third parties, including Ericsson's customers or downstream consumers, would continue to

use, sell, offer for sale, or import the accused devices supplied by Ericsson to infringe the '048 Patent. For example, Ericsson has provided support, marketing materials, owner's manuals and/or other materials that encourage the use of Ericsson's base station equipment in a way that infringes one or more claims of the '048 Patent. Ericsson has had actual knowledge of infringement by its customers and/or downstream consumers since no later than January 2026.

153.    On information and belief, Ericsson has contributed to and continues to contribute to the infringement of certain claims of the '048 Patent in violation of 35 U.S.C. § 271(c). Ericsson has, after being notified of the infringement by Acer, actively, knowingly, and intentionally contributed to infringement of the '048 Patent by selling, offering to sell and/or importing into the United States base station equipment that is used to practice the '048 Patent. Ericsson's base station equipment has no substantial non-infringing uses, and Ericsson knows that the equipment is especially made or especially adapted for use in a manner that infringes the '048 Patent. Ericsson has both knowledge and the specific intent that its customers and downstream consumers use Ericsson's base station equipment in a manner that directly infringes the '048 Patent. Ericsson has had actual knowledge of infringement by its customers and/or downstream consumers since no later than January 2026.

154.    The Accused Products, Ericsson's base station equipment, infringe at least claim 1 of the '048 Patent by supporting relevant standards used for wireless transmission. Exhibit B is a claim chart, hereby incorporated by reference, showing how the Ericsson base station equipment practices exemplary portions of the relevant standards and meets each and every limitation of at least claim 1 of the '048 Patent.

155.    Ericsson's infringement of the '048 Patent has been willful, entitling Acer to enhanced damages and attorney fees under 35 U.S.C. §§ 284 and 285.

17

## COUNTERCLAIM III
### Infringement of the '097 Patent

156. Acer repeats and realleges each and every allegation contained in paragraphs 1-155 above as if fully set forth herein.

157. At least certain claims of Acer's '097 Patent are essential to the 4G LTE-A standard.

158. On information and belief, Ericsson designs, manufactures, and sells base station equipment that supports the 4G LTE-A and 5G standards. Ericsson base station equipment includes, but is not limited to, product models such as RBS 6000 Series, Baseband 6600 Series, Remote Radio Unit (RRU), Antenna Integrated Radio (AIR), Streetmacro, Micro Radio, and Radio Dot System (RDS). On information and belief, the Accused Products are Ericsson base station equipment that supports the 4G LTE-A and 5G standards. On information and belief, Ericsson sells its base station equipment to its customers in the United States (e.g., AT&T, T-Mobile, and Verizon) so that they can operate 4G LTE-A and 5G wireless networks.

159. On information and belief, Ericsson has infringed and continues to infringe, literally and/or under the doctrine of equivalents, certain claims of the '097 Patent by making, using, selling, importing and/or offering to sell its base station equipment in the United States without a license, in violation of 35 U.S.C. § 271(a).

160. On information and belief, Ericsson has induced and continues to induce infringement of certain claims of the '097 Patent in violation of 35 U.S.C. § 271(b). Ericsson has actively, knowingly, and intentionally induced infringement of the '097 Patent by selling, offering to sell, and/or importing into the United States its base station equipment after Acer notified Ericsson of the infringement. Ericsson performed these acts with the knowledge and specific intent that third parties, including Ericsson's customers or downstream consumers, would continue to

18

use, sell, offer for sale, or import the accused devices supplied by Ericsson to infringe the '097 Patent. For example, Ericsson has provided support, marketing materials, owner's manuals and/or other materials that encourage the use of Ericsson's base station equipment in a way that infringes one or more claims of the '097 Patent. Ericsson has had actual knowledge of infringement by its customers and/or downstream consumers since no later than July 2025.

161.    On information and belief, Ericsson has contributed to and continues to contribute to the infringement of certain claims of the '097 Patent in violation of 35 U.S.C. § 271(c). Ericsson has, after being notified of the infringement by Acer, actively, knowingly, and intentionally contributed to infringement of the '097 Patent by selling, offering to sell and/or importing into the United States base station equipment that is used to practice the '097 Patent. Ericsson's base station equipment has no substantial non-infringing uses, and Ericsson knows that the equipment is especially made or especially adapted for use in a manner that infringes the '097 Patent. Ericsson has both knowledge and the specific intent that its customers and downstream consumers use Ericsson's base station equipment in a manner that directly infringes the '097 Patent. Ericsson has had actual knowledge of infringement by its customers and/or downstream consumers since no later than July 2025.

162.    The Accused Products, Ericsson's base station equipment, infringe at least claim 1 of the '097 Patent by supporting relevant standards used for wireless transmission. Exhibit C is a claim chart, hereby incorporated by reference, showing how the Ericsson base station equipment practices exemplary portions of the relevant standards and meets each and every limitation of at least claim 1 of the '097 Patent.

163.    Ericsson's infringement of the '097 Patent has been willful, entitling Acer to enhanced damages and attorney fees under 35 U.S.C. §§ 284 and 285.

19

## COUNTERCLAIM IV
### Infringement of the '791 Patent

164. Acer repeats and realleges each and every allegation contained in paragraphs 1-163 above as if fully set forth herein.

165. At least certain claims of Acer's '791 Patent are essential to the 4G LTE-A standard.

166. On information and belief, Ericsson designs, manufactures, and sells base station equipment that supports the 4G LTE-A and 5G standards. Ericsson base station equipment includes, but is not limited to, product models such as RBS 6000 Series, Baseband 6600 Series, Remote Radio Unit (RRU), Antenna Integrated Radio (AIR), Streetmacro, Micro Radio, and Radio Dot System (RDS). On information and belief, the Accused Products are Ericsson base station equipment that supports the 4G LTE-A and 5G standards. On information and belief, Ericsson sells its base station equipment to its customers in the United States (e.g., AT&T, T-Mobile, and Verizon) so that they can operate 4G LTE-A and 5G wireless networks.

167. On information and belief, Ericsson has infringed and continues to infringe, literally and/or under the doctrine of equivalents, certain claims of the '791 Patent by making, using, selling, importing and/or offering to sell its base station equipment in the United States without a license, in violation of 35 U.S.C. § 271(a).

168. On information and belief, Ericsson has induced and continues to induce infringement of certain claims of the '791 Patent in violation of 35 U.S.C. § 271(b). Ericsson has actively, knowingly, and intentionally induced infringement of the '791 Patent by selling, offering to sell, and/or importing into the United States its base station equipment after Acer notified Ericsson of the infringement. Ericsson performed these acts with the knowledge and specific intent that third parties, including Ericsson's customers or downstream consumers, would continue to

use, sell, offer for sale, or import the accused devices supplied by Ericsson to infringe the '791 Patent. For example, Ericsson has provided support, marketing materials, owner's manuals and/or other materials that encourage the use of Ericsson's base station equipment in a way that infringes one or more claims of the '791 Patent. Ericsson has had actual knowledge of infringement by its customers and/or downstream consumers since no later than July 2025.

169. On information and belief, Ericsson has contributed to and continues to contribute to the infringement of certain claims of the '791 Patent in violation of 35 U.S.C. § 271(c). Ericsson has, after being notified of the infringement by Acer, actively, knowingly, and intentionally contributed to infringement of the '791 Patent by selling, offering to sell and/or importing into the United States base station equipment that is used to practice the '791 Patent. Ericsson's base station equipment has no substantial non-infringing uses, and Ericsson knows that the equipment is especially made or especially adapted for use in a manner that infringes the '791 Patent. Ericsson has both knowledge and the specific intent that its customers and downstream consumers use Ericsson's base station equipment in a manner that directly infringes the '791 Patent. Ericsson has had actual knowledge of infringement by its customers and/or downstream consumers since no later than July 2025.

170. The Accused Products, Ericsson's base station equipment, infringe at least claim 14 of the '791 Patent by supporting relevant standards used for wireless transmission. Exhibit D is a claim chart, hereby incorporated by reference, showing how the Ericsson base station equipment practices exemplary portions of the relevant standards and meets each and every limitation of at least claim 14 of the '791 Patent.

171. Ericsson's infringement of the '791 Patent has been willful, entitling Acer to enhanced damages and attorney fees under 35 U.S.C. §§ 284 and 285.

21

## COUNTERCLAIM V
### Infringement of the '053 Patent

172.    Acer repeats and realleges each and every allegation contained in paragraphs 1-171 above as if fully set forth herein.

173.    At least certain claims of Acer's '053 Patent are essential to the 5G standard.

174.    On information and belief, Ericsson designs, manufactures, and sells base station equipment that supports the 4G LTE-A and 5G standards. Ericsson base station equipment includes, but is not limited to, product models such as RBS 6000 Series, Baseband 6600 Series, Remote Radio Unit (RRU), Antenna Integrated Radio (AIR), Streetmacro, Micro Radio, and Radio Dot System (RDS). On information and belief, the Accused Products are Ericsson base station equipment that supports the 4G LTE-A and 5G standards. On information and belief, Ericsson sells its base station equipment to its customers in the United States (e.g., AT&T, T-Mobile, and Verizon) so that they can operate 4G LTE-A and 5G wireless networks.

175.    On information and belief, Ericsson has infringed and continues to infringe, literally and/or under the doctrine of equivalents, certain claims of the '053 Patent by making, using, selling, importing and/or offering to sell its base station equipment in the United States without a license, in violation of 35 U.S.C. § 271(a).

176.    On information and belief, Ericsson has induced and continues to induce infringement of certain claims of the '053 Patent in violation of 35 U.S.C. § 271(b). Ericsson has actively, knowingly, and intentionally induced infringement of the '053 Patent by selling, offering to sell, and/or importing into the United States its base station equipment after Acer notified Ericsson of the infringement. Ericsson performed these acts with the knowledge and specific intent that third parties, including Ericsson's customers or downstream consumers, would continue to use, sell, offer for sale, or import the accused devices supplied by Ericsson to infringe the '053

22

Patent. For example, Ericsson has provided support, marketing materials, owner's manuals and/or other materials that encourage the use of Ericsson's base station equipment in a way that infringes one or more claims of the '053 Patent. Ericsson has had actual knowledge of infringement by its customers and/or downstream consumers since no later than July 2025.

177.   On information and belief, Ericsson has contributed to and continues to contribute to the infringement of certain claims of the '053 Patent in violation of 35 U.S.C. § 271(c). Ericsson has, after being notified of the infringement by Acer, actively, knowingly, and intentionally contributed to infringement of the '053 Patent by selling, offering to sell and/or importing into the United States base station equipment that is used to practice the '053 Patent. Ericsson's base station equipment has no substantial non-infringing uses, and Ericsson knows that the equipment is especially made or especially adapted for use in a manner that infringes the '053 Patent. Ericsson has both knowledge and the specific intent that its customers and downstream consumers use Ericsson's base station equipment in a manner that directly infringes the '053 Patent. Ericsson has had actual knowledge of infringement by its customers and/or downstream consumers since no later than July 2025.

178.   The Accused Products, Ericsson's base station equipment, infringe at least claim 22 of the '053 Patent by supporting relevant standards used for wireless transmission. Exhibit E is a claim chart, hereby incorporated by reference, showing how the Ericsson base station equipment practices exemplary portions of the relevant standards and meets each and every limitation of at least claim 22 of the '053 Patent.

179.   Ericsson's infringement of the '053 Patent has been willful, entitling Acer to enhanced damages and attorney fees under 35 U.S.C. §§ 284 and 285.

### COUNTERCLAIM VI
### Infringement of the '641 Patent

180.    Acer repeats and realleges each and every allegation contained in paragraphs 1-179 above as if fully set forth herein.

181.    At least certain claims of Acer's '641 Patent are essential to the 5G standard.

182.    On information and belief, Ericsson designs, manufactures, and sells base station equipment that supports the 4G LTE-A and 5G standards. Ericsson base station equipment includes, but is not limited to, product models such as RBS 6000 Series, Baseband 6600 Series, Remote Radio Unit (RRU), Antenna Integrated Radio (AIR), Streetmacro, Micro Radio, and Radio Dot System (RDS). On information and belief, the Accused Products are Ericsson base station equipment that supports the 4G LTE-A and 5G standards. On information and belief, Ericsson sells its base station equipment to its customers in the United States (e.g., AT&T, T-Mobile, and Verizon) so that they can operate 4G LTE-A and 5G wireless networks.

183.    On information and belief, Ericsson has infringed and continues to infringe, literally and/or under the doctrine of equivalents, certain claims of the '641 Patent by making, using, selling, importing and/or offering to sell its base station equipment in the United States without a license, in violation of 35 U.S.C. § 271(a).

184.    On information and belief, Ericsson has induced and continues to induce infringement of certain claims of the '641 Patent in violation of 35 U.S.C. § 271(b). Ericsson has actively, knowingly, and intentionally induced infringement of the '641 Patent by selling, offering to sell, and/or importing into the United States its base station equipment after Acer notified Ericsson of the infringement. Ericsson performed these acts with the knowledge and specific intent that third parties, including Ericsson's customers or downstream consumers, would continue to use, sell, offer for sale, or import the accused devices supplied by Ericsson to infringe the '641

Patent. For example, Ericsson has provided support, marketing materials, owner's manuals, and/or other materials that encourage the use of Ericsson's base station equipment in a way that infringes one or more claims of the '641 Patent. Ericsson has had actual knowledge of infringement by its customers and/or downstream consumers since no later than July 2025.

185.    On information and belief, Ericsson has contributed to and continues to contribute to the infringement of certain claims of the '641 Patent in violation of 35 U.S.C. § 271(c). Ericsson has, after being notified of the infringement by Acer, actively, knowingly, and intentionally contributed to infringement of the '641 Patent by selling, offering to sell and/or importing into the United States base station equipment that is used to practice the '641 Patent. Ericsson's base station equipment has no substantial non-infringing uses, and Ericsson knows that the equipment is especially made or especially adapted for use in a manner that infringes the '641 Patent. Ericsson has both knowledge and the specific intent that its customers and downstream consumers use Ericsson's base station equipment in a manner that directly infringes the '641 Patent. Ericsson has had actual knowledge of infringement by its customers and/or downstream consumers since no later than July 2025.

186.    The Accused Products, Ericsson's base station equipment, infringe at least claim 1 of the '641 Patent by supporting relevant standards used for wireless transmission. Exhibit F is a claim chart, hereby incorporated by reference, showing how the Ericsson base station equipment practices exemplary portions of the relevant standards and meets each and every limitation of at least claim 1 of the '641 Patent.

187.    Ericsson's infringement of the '641 Patent has been willful, entitling Acer to enhanced damages and attorney fees under 35 U.S.C. §§ 284 and 285.

25

## DEMAND FOR A JURY TRIAL

188.    Acer requests a trial by jury, under Rule 38 of the Federal Rules of Civil Procedure, for all issues triable of right by a jury.

## PRAYER FOR RELIEF

189.    WHEREFORE, Defendant Acer Incorporated prays for relief as follows:

A.    That the Court deny all claims for relief set forth in Ericsson's Original Complaint and enter judgment in favor of Acer, and against Ericsson on all of Ericsson's claims;

B.    That the Court find that Ericsson has infringed the Patents-at-Issue as alleged above;

C.    That the Court find the Patents-at-Issue valid and enforceable;

D.    That the Court enter a judgment and order for an accounting of all damages sustained by Acer as a result of the acts of infringement by Ericsson, and in no event lower than a reasonable royalty as set forth in 35 U.S.C. § 284;

E.    That the Court enter an order finding that Ericsson's infringement has been willful, warranting an award of treble and/or enhanced damages;

F.    That the Court enter a judgment and order requiring Ericsson to pay pre-judgment and post-judgment interest on the damages awarded;

G.    That the Court find this case exceptional under 35 U.S.C. § 285, and award Acer its costs and fees in this action, including reasonable attorney fees and pre-judgment interest thereon; and

H.    That the Court grant Acer such other and further relief as it deems just and proper.

26

OF COUNSEL:

Warren McCarty
AHMAD ZAVITSANOS & MENSING PLLC
2001 Ross Avenue, Suite 520
Dallas, TX 75201
(214) 800-4501


Jason S. McManis
Weining Bai
Hailey Pulman
Savannah Ezelle
Abanoub "Ab" Henry
AHMAD ZAVITSANOS & MENSING PLLC
1221 McKinney Street, Suite 2500
Houston, TX 77010
(713) 655-1101


Dated: May 18, 2026

/s/ Emily S. DiBenedetto
Karen E. Keller (No. 4489)
Emily S. DiBenedetto (No. 6779)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
edibenedetto@shawkeller.com
*Attorneys for Defendant Acer Inc.*