IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ERICSSON INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 26-176 (MN) |
| | ) | |
| ACER INC., | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION</u>

Kelly E. Farnan, RICHARDS LAYTON & FINGER, Wilmington, DE; Nicholas Matthews, MCKOOL SMITH P.C., Dallas, TX; Matthew T. Cameron, MCKOOL SMITH P.C., Austin, TX – Attorneys for Plaintiff

Karen E. Keller, Andrew E. Russell, Emily S. DiBenedetto, Virginia K. Lynch, SHAW KELLER LLP, Wilmington, DE; Warren McCarty, AHMAD ZAVITSANOS & MENSING PLLC, Dallas, TX; Jason S. McManis, Weining Bai, Hailey Pulman, Savannah Ezelle, AHMAD ZAVITSANOS & MENSING PLLC, Houston, TX – Attorneys for Defendant

July 20, 2026
Wilmington, Delaware



**NOREIKA, U.S. DISTRICT JUDGE**

Captain Barbossa described the Pirate's Code as "more what you'd call guidelines than actual rules."[1]  The first-to-file rule is similar; it guides district courts to prioritize the first-filed suit, but it is not a bright-line rule.  Exceptions are not rare, and here, because an exception applies, the Court will deny Acer's bid to dismiss, transfer, or stay the case under the first-to-file rule.  The Court will also deny Acer's request to transfer this case under § 1404(a).

## I.      BACKGROUND

### A.      The Parties

Plaintiff Ericsson Inc. is a Delaware corporation with its principal place of business in Plano, Texas.  (D.I. 1 ⁋ 5).[2]  Defendant Acer Inc. is a Taiwanese corporation with its principal place of business in New Taipei City, Taiwan.  (*Id.* ⁋ 6; D.I. 23 ⁋ 6).

### B.      History Relevant to This Motion

Two important dates for this first-to-file rule dispute are January 9, 2026 and February 17, 2026.  The first is when Acer filed three cases in the Eastern District of Texas that substantially overlap with the issues in this case.  The latter is when Ericsson filed this case.

The history of this dispute, however, goes back further.  Ericsson makes and provides base transceiver station equipment to wireless carriers like AT&T, Verizon, and T-Mobile (collectively, "the Wireless Carriers").  (D.I. 1 ⁋⁋ 3, 19; D.I. 23 ⁋ 19).  In July 2025, Acer sent those wireless

---

[1]      *Pirates of the Caribbean: The Curse of the Black Pearl* (Walt Disney Pictures 2003).

[2]      Acer denied this allegation in Plaintiff's complaint because it did not have "knowledge or information sufficient" to confirm or refute it.  (D.I. 23 ⁋ 5).  For purposes of this motion, however, the Court takes Plaintiff's representation as true.

carriers letters[3] that accused "base transceiver station equipment" (the same equipment Ericsson makes and sells) of infringing Acer's SEPs. (D.I. 1 ¶¶ 19–20; D.I. 23 ¶¶ 19–20). Those letters identified five Acer-owned patents that the Wireless Carriers allegedly infringe: U.S. Patent Nos. 11,252,641; 11,044,053; 10,237,791; 9,999,097; and 8,737,333 (collectively, "the Demand Letter Patents"). (D.I. 1 ¶ 17; D.I. 23 ¶ 17). Acer's letters to the Wireless Carriers set a 21-day response window and stated that "Acer will aggressively pursue all legal remedies and damages available under the law" if the Wireless Carriers did not license Acer's patents. (*Supra* note 3; *see also* D.I. 1 ¶ 22; D.I. 23 ¶ 22). Acer's demand letters also stated that failure to respond to its demand letter "will result in a claim of willful infringement based upon [the Wireless Carriers'] knowing and intentional infringement of Acer's rights." (*Supra* note 3; *see also* D.I. 1 ¶ 22; D.I. 23 ¶ 22). The Wireless Carriers notified Ericsson of the dispute "pursuant to contractual indemnification provisions." (D.I. 1 ¶ 23).[4]

Those letters prompted a different base station provider, Nokia, to file a declaratory judgment action in this Court on September 3, 2025, seeking a declaration that Nokia's products do not infringe the Demand Letter Patents (along with four other Acer-owned patents not identified in Acer's demand letters) and that Acer breached its obligation to negotiate in good faith. *Nokia of Am. Corp. v. Acer Inc.*, Case No. 25-1106 (MN) (D.I. 1 ¶¶ 65–181) (Sept. 3, 2025 D. Del.).

---

3   These letters were submitted to the Court in *Nokia of Am. Corp. v. Acer Inc.*, Case No. 25-1106 (MN), D.I. 44, Ex. 7 (Apr. 8, 2026 D. Del.).

4   Acer denied this allegation in Plaintiff's complaint because it did not have "knowledge or information sufficient" to confirm or refute it. (D.I. 23 ¶ 23). For purposes of this motion, however, the Court takes Plaintiff's representation as true.

Months later, on January 9, 2026, Acer filed suit against the Wireless Carriers in the Eastern District of Texas, accusing the Wireless Carriers of infringing the Demand Letter Patents plus one new patent, U.S. Pat. No. 9,526,048.[5]

Then, on February 17, 2026, Ericsson filed this case seeking a declaration that its products do not infringe the Demand Letter Patents plus the '048 Patent in addition to a declaration that Acer breached its obligation to negotiate in good faith.  (D.I. 1 ¶¶ 49–131).

## II.   THE FIRST-TO-FILE RULE

Acer says this Court should dismiss or stay Ericsson's second-filed declaratory judgment claims under the first-to-file rule.  (D.I. 9 at 5–8).  The first-to-file rule is fairly straightforward: when two lawsuits involving substantially the same issues are filed in different jurisdictions, the first-filed lawsuit should go forward while the second-filed lawsuit gets dismissed, stayed, or transferred to the first-filed district.  *Commc'ns Test Design, Inc. v. Contec, LLC*, 952 F.3d 1356, 1362 (Fed. Cir. 2020).  But the rule is not absolute, and exceptions to the first-to-file rule "are not rare." *Id.* at 1362.  Because Ericsson's case here is second filed *vis-à-vis* the Eastern District of Texas cases, the Court must determine whether an exception applies.

One exception is judicial efficiency.  *See id.* ("[T]rial courts have discretion to make exceptions to this general rule in the interest of justice or expediency[.]" (quoting *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 904 (Fed. Cir. 2008))); *In re VoIP-PAL.com, Inc.*, 845 F. App'x 940, 942 (Fed. Cir. 2021) ("[E]xceptions may be made if justified by 'considerations of judicial and litigant economy, and the just and effective disposition of disputes.'" (quoting *Elecs.*

---

[5]    These cases are: *Acer, Inc. v. AT&T, Inc. et al.*, Case No. 2:26-cv-00025 (E.D. Tex.) (filed Jan. 9, 2026); *Acer, Inc. v. T-Mobile USA, Inc. et al.*, Case No. 2:26-cv-00026 (E.D. Tex.) (filed Jan. 9, 2026); *Acer, Inc. v. Cellco Partnership d/b/a Verizon Wireless et al.*, Case No. 2:26-cv-00027 (E.D. Tex.) (filed Jan. 9, 2026).

*for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005))).  Another is the customer-suit exception.  Under that exception, "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990); *see In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014) ("When a patent owner files an infringement suit against a manufacturer's customer and the manufacturer then files an action of noninfringement or patent invalidity, the suit by the manufacturer generally take precedence.").

Here, judicial efficiency and the customer-suit exception counsel in favor of proceeding with this second-filed case.  As to judicial efficiency, the same patents at issue in this case have been pending in Nokia's Delaware case since September 2025.  *See generally*, *Nokia of Am. Corp. v. Acer Inc.*, Case No. 25-1106 (MN), D.I. 1.  The Court declined to transfer that case, so those patents will proceed here regardless, and issues the Court will have to resolve in the Nokia case (*e.g.*, claim construction, validity, whether Acer negotiated in good faith, and whether Acer's patents are actually SEPs) are the same issues that must be resolved in this case.  *Id.*, D.I. 74. Proving the point, Acer's counterclaims against Ericsson appear identical to Acer's counterclaims against Nokia.  *Compare* D.I. 23, Ex. A ('333 Pat. counterclaim vs. Ericsson) *with Nokia of Am. Corp. v. Acer Inc.*, Case No. 25-1106 (MN), D.I. 21, Ex. E ('333 Pat. counterclaim vs. Nokia). And given the substantial overlap of issues, this is a situation where "the possibility of consolidation with related litigation" will allow for more efficient resolution of these disputes – so much so, in fact, that this Court has already consolidated this case with the Nokia case.  *See Commc'ns Test Design, Inc.*, 952 F.3d at 1362; *Roku, Inc. v. AlmondNet, Inc.*, Case No. 21-1035 (MN), 2021 WL 5299247, at *3 (D. Del. Nov. 15, 2021) (same).  So judicial efficiency cautions against applying the first-to-file rule in this case.

4

As to the customer-suit exception, Acer "filed litigation against Ericsson's customers" in the Eastern District of Texas. (D.I. 23 ⁋ 1). Still, Acer says that the customer-suit exception does not apply because it is limited to situations where the customer "is simply a reseller of the accused goods." (D.I. 15 at 3–4 (quoting *Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989)). That, however, reads the exception too narrowly. To start, other courts have squarely rejected the notion that the customer-suit exception is limited to situations involving resellers. *See Decapolis Sys., LLC v. Cent. Tex. Cmty. Health Ctrs.*, Case No. 6:21-cv-01262 (ADA), D.I. 18 (W.D. Tex. June 30, 2022) ("Defendants do not need to be resellers for the customer suit exception to apply."). In this District, courts have held that the customer-suit exception covers situations where the "infringement claims against the [customers] are fundamentally claims against the ordinary use" of the manufacturer's product. *Ricoh Co. v. Aeroflex Inc.*, 279 F. Supp. 2d 554, 558 (D. Del. 2003). Ericsson raised that very argument in its briefing, but Acer never responded to it, implicitly conceding the point. (D.I. 12 at 9; see *generally*, D.I. 15). Moreover, "even if some of [Acer's] claims against [the Wireless Carriers] may persist" after resolving this case, those "issues will be greatly simplified by resolving the claims against" the manufacturers (Ericsson and Nokia) first. *Topia Tech., Inc. v. Dropbox, Inc.*, Case No. 6:21-CV-01373 (ADA), 2022 WL 18109619, at *5 (W.D. Tex. Dec. 29, 2022).

Ultimately, Acer injected inefficiency into the overall dispute it is having with Nokia and Ericsson by filing patent suits in Texas against Nokia and Ericsson's customers months after Nokia had already sought a declaratory judgment on those same patents here in Delaware. And while that may be a valid litigation strategy, it makes little sense to allow Acer to rely on the inefficiency it injected into this dispute as a basis to transfer this case. Judicial efficiency and the customer-

suit exception, independently and together, counsel against rigidly applying the first-to-file rule here, and the Court will deny Acer's motion under the first-to-file rule.

### III.   <u>MOTION TO TRANSFER</u>

In the alternative, Acer asks for transfer of this case to the Eastern District of Texas under 28 U.S.C. § 1404(a).  That statute permits district courts to transfer a case "to any other district or division where it might have been brought" "[f]or the convenience of parties and witnesses [and] in the interest of justice."  28 U.S.C. § 1404(a).

In the Third Circuit, the § 1404(a) analysis turns on the private and public interest factors laid out in *Jumara v. State Farm Mut. Auto. Ins. Co.*, 55 F.3d 873 (3d Cir. 1995).  The private interest factors are:

> [(1)] plaintiff's forum preference as manifested in the original choice; [(2)] the defendant's preference; [(3)] whether the claim arose elsewhere; [(4)] the convenience of the parties as indicated by their relative physical and financial condition; [(5)] the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and [(6)] the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Id.* at 879.  And the public interest factors are:

> [(7)] the enforceability of the judgment; [(8)] practical considerations that could make the trial easy, expeditious, or inexpensive; [(9)] the relative administrative difficulty in the two fora resulting from court congestion; [(10)] the local interest in deciding local controversies at home; [(11)] the public policies of the fora; and [(12)] the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.*  A plaintiff's choice of forum "should not be lightly disturbed."  *Id.*  "The burden is on the moving party to establish that a balancing of proper interests weigh[s] in favor of the transfer."  *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).  And the moving party bears a substantial burden; it must prove that the *Jumara* factors "strongly" favor transfer.  *Id.*

6

A.     **Appropriateness of the Proposed Transferee Venue:**

"The first step in the transfer analysis is to determine whether this action could have been brought in the proposed transferee venue," here, the Eastern District of Texas. *Papst Licensing GmbH & Co. KG v. Lattice Semiconductor Corp.*, 126 F. Supp. 3d 430, 437 (D. Del. 2015). Nobody disputes that this case could have been brought in the Eastern District of Texas, so the threshold inquiry is satisfied.

B.     **The *Jumara* Factors**

1.     **Plaintiff's Choice of Venue**

"It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request." *Burroughs Wellcome Co. v. Giant Food, Inc.*, 392 F. Supp. 761, 762–63 (D. Del. 1975); *see also Shutte*, 431 F.2d at 25 (same); *Samsara Inc. v. Motive Techs.*, Case No. 24-84 (MN), 2024 WL 3822981, at *4 (D. Del. Aug. 14, 2024) (same). "Assuming jurisdiction and proper venue, weight is given to plaintiff's choice because it is plaintiff's choice and a strong showing under the statutory criteria in favor of another forum is then required as a prerequisite to transfer." *Puff Corp. v. KandyPens, Inc.*, Case No. 20-976 (CFC), 2020 WL 6318708, at *3 (D. Del. Oct. 28, 2020) (citation omitted). Ericsson is a Delaware corporation that elected to bring suit in Delaware. (D.I. 1 ⁋ 5). That choice is entitled to "paramount consideration," so this factor weighs against transfer, although maybe not as strongly as it would if Ericsson's case was filed before Acer's Texas cases. *Shutte*, 431 F.2d at 25.

2.     **Defendant's Forum Preference**

A defendant's stated preference for the transferee forum generally makes this factor favor transfer. *See, e.g.*, *Intell. Ventures I LLC v. Checkpoint Software Techs. Ltd.*, 797 F. Supp. 2d 472, 480 (D. Del. 2011). But that is true only when the defendant can "articulate rational, legitimate reasons to support" its preference to litigate in the transferee district. *Papst*, 126 F. Supp. 3d at

7

438 (quoting *Pragmatus AV, LLC v. Yahoo! Inc.*, Case No. 11-902 (LPS) (CJB), 2012 WL 4889438, at *1 (D. Del. Oct. 15, 2012), *report and recommendation adopted*, Case No. 11-902 (LPS) (CJB), 2013 WL 174499 (D. Del. Jan. 16, 2013)).

Here, Acer's purported "legitimate reasons" for transferring to the Eastern District of Texas "relat[e] to judicial economy and convenience." (D.I. 9 at 10). But with the Nokia case proceeding in Delaware on the same patents as the Ericsson case, judicial economy is better served by proceeding on both cases in Delaware, the forum where these patents were first challenged. To be sure, the Court agrees with Acer that "[i]t is more efficient to have all cases and issues relating to these same patents tried in one forum, where they may be consolidated for efficiency of both judicial and party resources." (D.I. 9 at 10). But to the extent it would be more efficient to consolidate Acer's patent disputes in one forum, that forum would be the forum in which these patents were first challenged (Delaware). It is hard to see how it would be more convenient for Acer to litigate in Texas. To start, Acer already asked a different Texas court to transfer a case between Acer and Nokia to the Northern District of California. *See Nokia Techs. Oy*, Case No. 25-523 (ADA), D.I. 12 at 8. Moreover, this is not a case where the proposed transferee district is near Taiwan-headquartered Acer's "principal or key place of business." (D.I. 23 ¶ 6 (Acer admitting it is a Taiwanese company)); *Papst*, 126 F. Supp. 3d at 439; *see also Samsara*, 2024 WL 3822981, at *4.

Overall, this factor perhaps slightly favors transfer.

### 3.    **Whether the Claims Arose Elsewhere**

In patent cases involving companies that operate "on a national or global level, this factor is typically neutral." *Smart Audio Techs., LLC v. Apple, Inc.*, 910 F. Supp. 2d 718, 730 (D. Del. 2012). This factor can, however, favor transfer if there are "significant connections between a particular venue and the events that gave rise to a suit." *In re Hoffmann-La Roche Inc.*, 587 F.3d

8

1333, 1338 (Fed. Cir. 2009). For example, if the accused products were designed, developed, and produced in the transferee forum, this factor can weigh in favor of transfer. *See, e.g.*, *Samsara*, 2024 WL 3822981, at *4.

As the party moving to transfer, Acer bears the burden of showing a significant connection, and it has not. While Ericsson does not dispute that it has a 5G factory in Lewisville, Texas, there is little evidence that the products at issue here were designed, developed or produced in that factory. *Samsara*, 2024 WL 3822981, at *4. This factor does not favor transfer.

### 4.      Convenience of the Parties

This factor looks to "(1) the parties' physical location; (2) the parties' logistical and operational costs of traveling to litigate in Delaware, as opposed to the proposed transferee district; and (3) the relative ability of each party to bear these costs in light of its size and financial standing." *Samsara*, 2024 WL 3822981, at *5. Here, both parties are large companies that would not be prejudiced by litigating this case in Delaware. Whether in the Eastern District of Texas or in Delaware, Acer's Taiwanese representatives and witnesses will have to get on a flight to attend trial and hearings, and Acer has provided no evidence that flights to Delaware are any more expensive or burdensome than flights to the Eastern District of Texas. At bottom, all parties have the resources to litigate this case in either the Eastern District of Texas or Delaware.

Under this factor Acer also argues that it would be more convenient for the parties to litigate their dispute in the Eastern District of Texas because "precisely the same issues are simultaneously pending" in Delaware and the Eastern District of Texas.[6] (D.I. 9 at 9 (quoting *Smart Audio Techs., LLC v. Apple, Inc.*, 910 F. Supp. 2d 718, 733 (D. Del. 2012)). But that overlap is a problem of

---

[6]      This argument, whether the transferee district has cases with overlapping subject matter, is typically addressed under the "Practical Considerations" prong *infra*. But because the parties addressed this issue here, the Court does too.

9

Acer's own making.  The patents in this suit were challenged in a different Delaware suit for over four months before Acer filed the three Texas cases, and Acer chose to assert five of the same patents that were already pending here in Delaware in those Texas cases.

This factor does not favor transfer.

### 5. Convenience of the Witnesses

This factor matters "only to the extent that the witnesses may actually be unavailable for trial in one of the fora." *Jumara*, 55 F.3d at 879.  This factor focuses on third-party witnesses, and "[i]t is the defendant's burden to show both the unavailability of a particular witness and that witness' importance to the defendant's case." *Tessera, Inc. v. Sony Elecs. Inc.*, Case No. 10-838 (RMB) (KW), 2012 WL 1107706, at *6 (D. Del. Mar. 30, 2012).  Acer has not identified any relevant witness (party or non-party) who would be available in one forum but not the other, so this factor does not favor transfer.

### 6. Location of Books and Records

This factor matters only "to the extent that the [books and records] could not be produced in the alternative forum." *Jumara*, 55 F.3d at 879.  Neither party has identified any documents that would be available in the Eastern District of Texas but unavailable in Delaware.  This factor does not favor transfer.

### 7. Enforceability of the Judgment

This factor does not favor transfer "because '[t]here is no suggestion that a judgment would be unenforceable in either the District of Delaware or the [Eastern District of Texas].'" *Samsara*, 2024 WL 3822981, at *6 (quoting *Intell. Ventures I LLC v. Altera Corp.*, 842 F. Supp. 2d 744, 759 (D. Del. 2012)).

10

### 8.    Practical Considerations

Acer analyzed this factor under its "convenience of the parties" analysis. (*See* D.I. 9 at 11–12).  So for the same reason, this factor does not favor transfer.

### 9.    Relative Administrative Difficulty Due to Court Congestion

This factor does not favor transfer because "[b]oth courts are among the busiest in the country." *Puff Corp.*, 2020 WL 6318708, at *5.

### 10.    Local Interest in Deciding Local Controversies at Home

Generally speaking, "patent issues do not give rise to a local controversy or implicate local interests." *TriStrata Tech., Inc. v. Emulgen Labs., Inc.*, 537 F. Supp. 2d 635, 643 (D. Del. 2008).  Additionally, although Delaware may have some interest in having its corporate citizens litigate in Delaware, this case involves global corporations regarding products used nationwide. *Smart Audio*, 910 F. Supp. 2d at 734.  So this factor does not favor transfer.

### 11.    Public Policies of the Fora

Ericsson is a Delaware corporation and "Delaware's public policy encourages Delaware corporations to resolve their disputes in Delaware courts." *VLSI Tech. LLC v. Intel Corp.*, Case No. 18-966 (CFC), 2018 WL 5342650, at *9 (D. Del. Oct. 29, 2018).  Acer has not cited any countervailing Texas public policy, so this factor weighs against transfer.

### 12.    Familiarity of the Trial Judge with the Applicable State Law

This factor has limited (if any) applicability here because neither party asserts state law claims, and this is not a diversity case.  The issues here present questions of U.S. patent law and potentially of French law.  (*See* D.I. 1 ¶ 126 ("French law governs the ETSI FRAND commitment . . . ."); D.I. 23 ¶ 126 ("Acer admits that certain aspects of ETSI policies and obligations may be subject to French law.")).  Both forums are equally familiar with the relevant law.  This factor does not favor transfer.

11

C.       **Weighing the Factors**

Overall, two factors weigh against transfer, one slightly favors transfer and the remaining ten factors are neutral/do not weigh in favor of transfer.  After weighing the relevant factors, Acer has not made the required strong showing that this case should be transferred to the Eastern District of Texas.

IV.      **CONCLUSION**

For the foregoing reasons, Defendant's motion is DENIED.  An appropriate order will follow.